UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW L., | Case No. 21-CV-1009 (JFD) |
| Plaintiff, | |
| v. | **SECOND ORDER GRANTING ATTORNEY'S FEES** |
| MARTIN O'MALLEY, *Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. No. 34). The Commissioner of Social Security ("The Commissioner") takes no position on the motion. (Def.'s Resp. to Pl.'s Petition for Attorney's Fees, Dkt. No. 38.) Because the Court finds that the requested amount is reasonable under the law, the motion is granted. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002) (holding that § 406(b) requires independent judicial review of fee arrangements to ensure reasonableness of attorney fee awards in individual cases).

**I. BACKGROUND**

People with disabilities can qualify for financial support from the Social Security Administration ("SSA") through one or both of its assistance programs: the Disability Insurance ("DIB") Program under Title II of the Social Security Act and the Supplemental Security Income ("SSI") Program under Title XVI of the Act. *Smith v. Berryhill*, 587 U.S.

—, 139 S. Ct. 1765, 1772 (2019) (citing *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988)). Plaintiff filed for assistance under the first program, which is an insurance program that provides support to those who have paid sufficient social security taxes—by working and having social security taxes withheld from their pay—to qualify for coverage if they become disabled. *Id.* 42 U.S.C. § 423(a) (guaranteeing benefits for insured disabled people).

Plaintiff was denied benefits and filed a complaint against the Social Security Administration ("SSA") challenging its decision in April 2021. (Compl., Dkt. No. 1.) Plaintiff hired attorneys Wes Kappelman and David Christianson to represent him on a contingency basis. (Ex. 1, Dkt. No. 35-1.) The fee agreement between them provided that if he was successful in his appeal of the SSA's decision, he would pay the attorneys 25% of the benefits that accrued before the SSA made a decision in his favor, which are called "past due benefits." (*Id.*) 20 C.F.R. § 404.1703. In exchange, the attorneys would represent Plaintiff through his appeal of the SSA's decision. (*Id.*)

After the administrative record was filed, the parties stipulated to remand the case to the Social Security Administration for a new hearing, and the Court ordered remand in November 2021. (Order, Dkt. No. 25.) Plaintiff sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court granted $896.82 in attorney's fees. (Order Granting Attorney's Fees and Costs 2, Dkt. No. 32.)

On remand, the SSA found Plaintiff qualified for disability benefits under Title II. (*See* Ex. 2, Dkt. No. 35-2.) In a December 24, 2023 letter, the SSA told Plaintiff that he was

eligible for benefits starting in December 2017 and set out the schedule for the maximum[1] he could receive in monthly benefits. (Ex. 2.) Counsel represents that 25% of these past due benefits subject equals at least $ 40,897.50. (Pl.'s Mot. for Att'ys Fees 4, Dkt. No. 34). Counsel now seeks $ 5,125.00 in attorney's fees for the 4.1 hours they worked on the case in federal court. (*Id.*) [2]

## II. LEGAL STANDARD

42 U.S.C. § 406(b) provides that when a court enters a judgment favorable to a SSA claimant who is represented by an attorney in court, the court can "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 795. Congress passed this law to discourage (1) fee arrangements which were "yielding exorbitant fees," and (2) attorneys from elongating legal proceedings to increase the amount of past-due benefits, and as a result, their fee. *Id.* at 804–05. The Supreme Court has explained that the statute caps what attorneys can recover for practicing before the U.S. District Court—25% of the claimant's past due benefits—and required that courts review fee "arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807–08;

---

[1] These monthly benefits can be reduced to pay for Medicare and for worker's compensation benefits. (*Id.*)

[2] This does not include the amount they are seeking for representing Plaintiff before the SSA. 42 U.S.C. § 406(a) provides for fees related to representation before the SSA, while § 406(b) provides for fees related to representation in federal district court. *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019). One of Plaintiff's attorneys is seeking $20,000.00 for representation before the SSA. (Pl.'s Mot. Att'ys Fees 2.) That request is not before the Court.

3

*Culbertson v. Berryhill*, 586 U.S. 53, 53 (2019). Counsel have the burden of showing the Court that they seek no more than 25% of their client's past-due benefits and that the amount they seek is reasonable. *Gisbrecht*, 535 U.S. at 807–08.[3]

A Social Security claimant who wins in court is also entitled to attorney's fees under the Equal Access to Justice Act ("EAJA") if the SSA took a legal position in the case that was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(1)(A)).[4] But attorneys cannot recover both EAJA and § 406(b) fees; if a court awards both, the attorneys must give the smaller fee award to the claimant. (*Id.*) While the EAJA and § 406(b) appear alike, they come from different sources; EAJA fees come from the Social Security Administration (as a penalty for taking the position it did) while § 406(b) awards come from the claimant's past due benefits (as a deduction to pay their lawyers). *Theodoros K. v. Kijakazi*, No. 20-CV-2228 (KMM-ECW), 2023 WL 4621896, at *3 (D. Minn. July 19, 2023).

**III. ANALYSIS**

In assessing whether an attorney's fee request under § 406(b) is reasonable, courts look to the fee agreement in the case and consider the "character of the representation and the results the representative achieved." *Williamson v. Kijakazi*, No. 21-CV-2034

---

[3] 42 U.S.C. § 406(b) applies not only DIB claimants like Plaintiff, but also SSI claimants under Title XVI. *Pajdee T. v. Kijakazi*, No. 22-CV-1260 (ECW), 2023 WL 8432852, at *2 (D. Minn. Dec. 5, 2023) (citing 42 U.S.C. § 1383(d)).

[4] EAJA fees can be reduced (or "offset") if the claimant already owes money to the government *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). There were no offsets in this case. (Pl.'s Mot. Att'ys Fees at 2.)

(SRN/LIB), 2023 WL 8295270, at *2 (D. Minn. Dec. 1, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). Courts can decrease the fee awarded if counsel performed poorly, if counsel caused unnecessary delay, or if counsel's fee is too large considering how much time they spent on the case. *Id.*; *Sue V. v. Kijakazi*, No. 20-CV-462 (LIB), 2023 WL 9118730, at *2 (D. Minn. Nov. 1, 2023)

Counsel has not articulated what the full past due benefits are in this case, but they have averred that 25% of the past due benefits is at least $40,897.00, meaning the total past due benefits are at least $163,590 by counsel's reckoning. (*Id.*) This Court has already awarded $896.82 in EAJA fees, and counsel seek a § 406(b) award of $ 5,125.00 for 4.1 hours of work. (Ex. 2.) That fee averages out to $1,250 per hour. On its face, this seems excessive, and it is on the high end of what courts in this District have found reasonable. *See Shane T. v. Saul*, No. 18-CV-634 (BRT), 2020 WL 5743075, at *2 (D. Minn. Sept. 25, 2020) (permitting a $21,646.25 contingency fee from a $86,585.50 award, which averaged to an hourly rate of $775.85, which at first seemed "excessive" to the Court); *Jody A. E. v. Saul*, No. 16-CV-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (permitting a $29,388.25 contingency fee from a $117,553.00 award, averaging to an hourly rate of $1,229.63); *Smith v. Astrue*, No. 06-CV-2091 (ADM/AJB), 2008 WL 2609443, at *24 (D. Minn. June 24, 2008) (permitting a $30,066.50 contingent fee from a $120,000 disability award, averaging to an hourly rate of $1,141.91).

Nevertheless, the Court will not reduce the award requested. There is no indication that counsel performed poorly; the SSA stipulated to remand the case after counsel filed the suit. Counsel did not cause unnecessary delay, and timely moved for fees after receiving

5

notice of their client's past due benefits on December 24, 2023. Finally, binding Supreme Court precedent has "accepted the twenty-five percent contingent fee as an appropriate starting point for determining the reasonable fees due to a claimant's attorney given that contingency fee agreements" are ubiquitous in this area of law. *Jody A. E.*, 2019 WL 4928921, at *2. The Court notes that counsel in this case have capped their fees for both representation before the SSA (under § 406(a)) and before this Court (under § 406(b)) at 25% of their clients' past due benefits, when the Supreme Court has said that such a cap applies only to fees awarded before the District Court. (Pl.'s Mot. Att'ys Fees 4 n.2 (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 523-24 (2019)). As a result, their request for fees before this court is a fraction of the 25% maximum they could attempt to get for proceedings before this Court alone, which supports a finding of reasonableness.

### IV. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion (Dkt. No. 34) is **GRANTED**;

2. The Social Security Administration will pay David L. Christianson $ 5,125.00 in attorney's fees under 42 U.S.C. § 406(b) no later than 30 days from the date of this Order;

3. Plaintiff's counsel will refund Plaintiff the $ 896.82 this Court awarded them under the Equal Access to Justice Act, 28 U.S.C. § 2412, no later than 30 days from the date Mr.

Christianson receives his funds.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: April 19, 2024                              *s/ John F. Docherty*
                                                   JOHN F. DOCHERTY
                                                   United States Magistrate Judge